IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY, <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC. | Case No. 2:13-cv-00361-JRG <br><br> CONSOLIDATED |
| ASUS COMPUTER INTERNATIONAL | Case No. 2:13-cv-00362-JRG |
| BELKIN INTERNATIONAL, INC. | Case No. 2:13-cv-00363-JRG |
| D-LINK SYSTEMS, INC. | Case No. 2:13-cv-00365-JRG |
| NETGEAR, INC. | Case No. 2:13-cv-00367-JRG |
| RUCKUS WIRELESS, INC. | Case No. 2:13-cv-00368-JRG |
| TP-LINK USA CORPORATION | Case No. 2:13-cv-00369-JRG |
| VIZIO, INC. | Case No. 2:13-cv-00370-JRG |

**PLAINTIFFS' MOTION TO ADOPT MODEL ORDER FOCUSING PATENT CLAIMS AND PRIOR ART TO REDUCE COSTS**

I.      INTRODUCTION

Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny (collectively "the Freenys") respectfully seek an order from the Court adopting this District's Model Order Focusing Patent Claims and Prior Art to Reduce Costs ("the Model Order") in this action. The Model Order, promulgated by this District in its General Order No. 13-20 on October 29, 2013, is intended to streamline the issues in patent cases and reduce the burden on the parties and the Court that results when too many patent claims and/or too many prior art references are asserted in the case. And that is why the Freenys want the Model Order to be applied to this case.

The Freenys are already in compliance with the Model Order by limiting their infringement contentions against Defendants to two asserted claims in the patent-in-suit. Defendants, however, have taken the exact opposite approach and inundated the Freenys with a mountain of invalidity arguments, having identified in their invalidity contentions no less than 128 different references as invalidating prior art. In addition, Defendants' invalidity contentions include 156 different invalidity charts based on these references.

There is simply no way that Defendants can present an invalidity case using all 128 of these references at trial. Yet Defendants have rejected the Freenys' reasonable proposal that the parties abide by the Model Order, which would require Defendants to identify 18 prior art references that they intend to rely on for their invalidity defense by the claim construction phase of the case, and then to further reduce this number to 9 references by trial. Incredibly, Defendants' reason for rejecting this proposal is their assertion that they think the case is already streamlined enough.

Defendants' position is untenable. A case in which Defendants want to present an invalidity defense based on 128 references and 165 different combinations of these references at trial is hardly streamlined. The Court and the jury should not be forced to deal with an invalidity

case of this size, and the Freenys will be severely prejudiced if they have to expend time and resources in fact and expert discovery preparing a rebuttal to all of these references, most of which Defendants likely will not rely on at trial. The Freenys therefore respectfully request that the Court issue an order requiring the parties to comply with the limits on asserted claims and prior art references set forth in the Model Order.

## II.  FACTUAL BACKGROUND

This case involves one patent, U.S. Patent No. 7,110,744 ("the '744 patent"), and within that patent Plaintiffs have asserted the same two claims (claims 18 and 19) against each of the Defendants. (*See, e.g.*, Lin Decl.,[1] Ex. A at 1).

On October 10, 2013, Defendants jointly served their invalidity contentions in the case. (*See* Lin Decl., Ex. B). In those invalidity contentions, Defendants identified 128 different references in their invalidity contentions as prior art that allegedly anticipates and/or renders obvious the two asserted claims of the '744 patent. (*See id.* at 5-9). In addition, Defendants' invalidity contentions include 156 different invalidity charts based on these references. (*See id.* at 16-20).

In light of the vast number of prior art references identified by Defendants in their invalidity contentions, the Freenys proposed that the parties stipulate that this District's Model Order Focusing Patent Claims and Prior Art to Reduce Costs would apply to the case. (*See* Lin Decl., Ex. C). The parties have met and conferred on the issue, but Defendants refuse to agree to any limitations on the number of prior art references that they can assert in the case, at any point in time.

---

[1] References herein to "Lin Decl." refer to the supporting declaration of Richard C. Lin filed concurrently with this motion.

PLAINTIFFS' MOTION TO ADOPT MODEL
ORDER FOCUSING PATENT CLAIMS AND
PRIOR ART

2

## III.   ARGUMENT

### A.   Defendants Have Offered No Reasonable Basis for Refusing to Agree to the Model Order

Defendants fail to provide any reasonable basis for their refusal to abide by limitations on prior art references set forth in the Model Order.  During meet and confer, Defendants argued that they have asserted only 28 prior art references in their invalidity contentions, apparently based on a theory that many of the references "reflect the closely related work of the same prior artist or relate to the same prior art instrumentality."  (Lin Decl., Ex. E).  This argument, however, is flawed for several reasons.  First, Defendants have offered no evidence that the 128 references listed in their invalidity contentions all relate to only 28 prior artists or the same prior art instrumentality.  Indeed, the Freenys are at a loss to understand how Defendants came up with that number.  Second, even if the Court were to accept Defendants' position, 28 references is still **10** references over the 18 reference limit set forth in the Model Order for the preliminary election of prior art references, and **19** references over the 9 reference limit in the Model Order for the final election of prior art references.[2]  Thus, even under Defendants' position, Defendants are well over the numerical limits set forth in the Model Order.

Defendants also erroneously contend that the case is sufficiently streamlined in its present state.  As it currently stands, the Freenys cannot determine which of the 128 asserted prior art references Defendants actually intend to rely on for their invalidity case at trial and, consequently, the Freenys will need their attorneys and experts to analyze and respond to all 128 references.  Thus, absent a limit on the prior art references Defendants can assert, the Freenys will be forced to expend considerable time and resources on a host of issues that likely will never be tried to the jury.  This is an undue burden on Plaintiffs.

---

[2] Because this case involves only one patent-in-suit, the numerical limits set forth in the Model Order are all increased by 50%.  (*See* Lin Decl., Ex. C at 2).

| | |
|---|---|
| PLAINTIFFS' MOTION TO ADOPT MODEL ORDER FOCUSING PATENT CLAIMS AND PRIOR ART | 3 |

As the Federal Circuit Advisory Council noted when it promulgated its Model Order Limiting Excess Patent Claims and Prior Art (upon which this District's Model Order is based):

> Lack of discipline by the asserting party in preparing its case is often why excess issues are maintained. The inclusion of superfluous claims and prior art can function to "hide the ball." The result is an asymmetric burden on the responding party (and the trial court) because the asserting party often has a better sense of which issues it will ultimately pursue.

(Lin Decl., Ex. D at 1). A lack of discipline by the Defendants in preparing their invalidity contentions is exactly the situation the Freenys face here. By inundating the Freenys with a mountain of prior art references and invalidity arguments, Defendants are improperly hiding the ball and forcing the Freenys to prepare for a multitude of invalidity attacks, only a few of which Defendants will ultimately pursue at trial. This serves no purpose but to unfairly drive up the Freenys' litigation costs.

### B. Adoption of the Model Order Will Streamline the Case and Reduce Costs for All Parties and the Court

In addition, the Freenys note that in their last discussion with Defendant ASUS Computer International on this issue, ASUS candidly admitted that Defendants would not agree to the Model Order because, in their view, they had nothing to gain from agreeing to it. (*See* Lin Decl., Ex. F at 1-2). This statement is telling, as it reveals that Defendants do not have any principled objection to the Model Order, and that they simply do not want to agree to it because they do not see the Model Order as being advantageous to them.

Defendants' position is unreasonable, for several reasons. First, in the Freenys' view, Defendants' "What's in it for me?" attitude reflects a complete disregard for the unnecessary burden that Defendants' voluminous invalidity contentions will impose on the Freenys if left unchecked. Just as important, however, Defendants erroneously assume that only the Freenys stand to gain from the adoption of the Model Order. As the Federal Circuit Advisory Council has stated:

> Excess issues, unsurprisingly, inflate litigation costs.  Each unnecessary asserted claim and prior art reference must be analyzed and charted, among a myriad of other unnecessary case-management tasks that follow.  These attorney chores generate disputes, frequently unrelated to the merits, which unduly burden the judiciary.

(Lin Decl., Ex. D at 1-2).  Thus, the Advisory Council correctly recognized that putting limits on prior art references benefits *all parties and the Court* in terms of reducing the number of potential discovery disputes and battles over irrelevant issues.  Moreover, while the Freenys are currently asserting only two patent claims, and are therefore well within the limits of the Model Order, discovery in the case is ongoing and the possibility remains that the Freenys may seek to assert additional claims in the '744 patent at a later date.  The Model Order's restriction on the number of patent claims the Freenys may assert in the case would serve as a limit to any additional claims that the Freenys can attempt to assert, which would certainly be of benefit to Defendants.

### C. Defendants Will Suffer No Prejudice If the Model Order Is Adopted

Finally, Defendants will not suffer any prejudice if the Court grants the Freenys' request that the Model Order be adopted for this case.  Indeed, as discussed above, no Defendant has argued that there is anything inherently unfair about the Model Order.  Rather, Defendants simply do not want to agree to it because they would rather force the Freenys to waste their time and resources responding to 128 different prior art references and 156 invalidity charts, the vast majority of which Defendants will likely never use at trial.  But this is not a reasonable basis for objecting to the adoption of the Model Order.

Additionally, the Freenys note that other courts have limited defendants to even fewer prior art references than that allowed under the Model Order.  *See, e.g., Keranos, LLC v. Silicon Storage Technology, Inc.*, 2013 WL 5763738, at *4 (E.D. Tex. Aug. 5, 2013) (limiting

Defendants to two or three prior art references per asserted claim). It is therefore not unreasonable to hold Defendants (as well as Plaintiffs) to the limits set forth in the Model Order.

## IV. CONCLUSION

Defendants fail to provide any reasonable basis for refusing to agree to the limits set forth in the Model Order limiting asserted claims and prior art references. The Model Order will help streamline the case, reducing the number of issues that the parties need to litigate. Moreover, Defendants have not identified any prejudice they will suffer if the Model Order is adopted. For these reasons, the Freenys respectfully request that the Court order that the parties must abide by the limits for asserted claims and prior art references set forth in the Model Order.

Dated: February 28, 2014                    Respectfully submitted,

*/s/ Richard C. Lin*
Richard C. Lin

BANYS, P.C.
Christopher D. Banys    SBN: 230038 (California)
Richard C. Lin          SBN: 209233 (California)
Jennifer L. Gilbert     SBN: 255820 (California)
Eric J. Sidebotham      SBN: 208829 (California)
1032 Elwell Court, Suite 100
Palo Alto, CA 94303
Tel: (650) 308-8505
Fax: (650) 353-2202
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com
ejs@banyspc.com

LOCAL COUNSEL:

WARD & SMITH LAW FIRM
Wesley Hill            SBN: 24032294
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, TX 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFFS
CHARLES C. FREENY III, BRYAN E.
FREENY, AND JAMES P. FREENY**

## CERTIFICATE OF CONFERENCE

The counsel for Plaintiffs Charles C. Freeny III, Bryan E. Freeny, and James P. Freeny certifies that Plaintiffs have complied with the meet and confer requirement in Local Rule CV-7(h) regarding the substance of this motion, and that Defendants oppose this motion.

On January 24, 2014, Richard C. Lin, counsel for Plaintiffs, sent an email to all Defendants' counsel proposing that the parties adopt this District's Model Order Focusing Patent Claims and Prior Art to Reduce Costs ("the Model Order"). On February 3, 2014, Brian Nash, counsel for Defendant ASUS Computer International ("ASUS"), responded by email on behalf of all Defendants declining Plaintiffs' proposal. The parties thereafter conducted telephonic meet and confers on the issue.

Specifically, on February 12, 2014, Mr. Lin and Mr. Nash discussed Plaintiffs' proposal to adopt the Model Order in a telephone call. On February 25, 2014, Eric J. Sidebotham, counsel for Plaintiffs, participated in a second telephone call with Mr. Nash regarding the proposal. During these discussions, ASUS took the position that it did not believe it was necessary to apply the Model Order in this case, and further stated that it would not agree to Plaintiffs' proposal unless Plaintiffs offered something in return to ASUS, which Plaintiffs would not do as they believe that it is already in all of the parties' interests to adopt the Model Order.

In addition, on February 21, 2014, Mr. Sidebotham participated in a telephone call with counsel for the other remaining Defendants in this action (Belkin International Inc., D-Link Systems, Inc., Netgear, Ruckus Wireless, Inc., TP-Link USA Corporation, and Vizio, Inc.)[3] to discuss the same proposal to adopt the Model Order. Like ASUS, these other Defendants also stated that they did not believe it was necessary to apply the Model Order in this case, and therefore would not agree to Plaintiffs' proposal.

---

[3] Plaintiffs expect to dismiss Defendant Apple Inc. from this action shortly as part of a settlement agreement reached by the parties.

Discussions between Plaintiffs and Defendants on this issue have therefore conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                                                          */s/ Eric J. Sidebotham*
                                                           Eric J. Sidebotham

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on February 28, 2014. Therefore, this document was served on all counsel who are deemed to have consented to electronic service.

/s/ *Georgia Golfinopoulos*
Georgia Golfinopoulos