IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY,<br><br>Plaintiffs,<br>v.<br><br>APPLE INC., ET AL.<br><br>Defendants. | Case No. 2:13-cv-00361-JRG<br><br>CONSOLIDATED |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ADOPT MODEL ORDER**

Remaining Defendants NETGEAR, Inc., Belkin International, Inc., Asus Computer International, D-Link Systems, Inc., Ruckus Wireless, Inc., TP-Link USA Corporation, and VIZIO, Inc. ("Defendants") file this Response in Opposition to Plaintiffs' Motion to Adopt Model Order Focusing Patent Claims and Prior Art to Reduce Costs.

## I. INTRODUCTION

The instant motion practice is unfortunate as this matter should have been resolved by stipulation. Defendants offered to stipulate to almost the entire Model Order, the only proposed modification being four additional references/combinations in their final election of asserted references. The additional references are justified by the need to address the dependent claim, and to make sure that each of the seven remaining Defendants can assert its preferred references. Plaintiffs rejected Defendants' proposal without a meaningful explanation, and without even a mention of any unfair burden which would be placed on Plaintiff. As the relief sought in Plaintiffs' motion would place Defendants at a disadvantage under the circumstances of this case, Defendants respectfully request that the Court enter the Model Order as modified by Defendants' proposal.

## II. STATEMENT OF FACTS – DEFENDANTS' COMPROMISE PROPOSAL

Plaintiffs proposed that the parties stipulate to the Model Order on January 24, 2014.

Dkt. No. 70-6 at 4.  However, Plaintiffs have steadfastly refused to compromise on any of the Model Order's provisions.

Defendants have agreed with Plaintiffs that the case should be run efficiently, but have expressed to Plaintiffs that the Model Order, without a slight modification, imposes too great a hardship on Defendants.  Declaration of Seth B. Herring ("Herring Decl."), ¶ 2.  Plaintiffs do not need to seek any departure from the Model Order because they are only asserting two claims, so the Order only serves to limit Defendants.  *Id*.  Defendants have sought from Plaintiffs a willingness to modestly adjust the Model Order to allow for more flexibility.  *Id*.  After initially agreeing to explore this possibility, Plaintiffs rejected Defendants' request and filed this motion without further discussion.  Herring Decl. at exh. A.  In an effort to reach a reasonable compromise, Defendants offered to stipulate to the Model Order in every respect, except for an increase in their Final Election of Asserted Prior Art from nine references and combinations to thirteen.  *Id*. at exh. B.  Plaintiffs rejected Defendants' offer without any meaningful explanation, simply calling the four additional references "excessive."  *Id*.  Notably, Plaintiffs have not even attempted to suggest that the four additional references would impose an undue hardship on them or this Court.

### III.   ARGUMENT

#### A.   Defendants Have Agreed to Almost Every Limitation Plaintiffs Seek

As noted above, Defendants have agreed to abide by every limitation in the Model Order except for the nine reference limit in the Final Election.  For instance, Defendants have agreed to limit their asserted references from the 28 unique references charted in their invalidity contentions to 18 by the date set for completion of claim construction discovery.  Dkt. No. 70-4 (Model Order), ¶ 2.  Defendants have also agreed to the timing set forth in the Model Order for making their Final Election of Asserted Prior Art.  *Id*. at ¶ 3.  The only deviation from the Model Order that Defendants seek is a mere four extra references (which includes combinations) for their Final Election, for a total of 13.  This represents **152 fewer references and combinations** than those charted by Defendants in their invalidity contentions.

**B.      Defendants' Compromise Position is Not Unduly Burdensome on Plaintiffs**

Plaintiffs argue in their motion that they are mainly concerned with the burden in responding to "128 prior art references and 156 invalidity charts." *See, e.g.*, Motion at 3 ("the Freenys will be forced to expend considerable time and resources on a host of issues that likely will never be tried to a jury. This is an undue burden on Plaintiffs."); *Id.* at 4 (Defendants are "inundating the Freenys with a mountain of prior art references and invalidity arguments"): *Id.* ("Defendants' . . . attitude reflects a complete disregard for the unnecessary burden that Defendants' voluminous invalidity contentions will impose on the Freenys if left unchecked."). Defendants' compromise position addresses this concern by limiting the asserted references to 18 initially and 13 at the expert phase (including combinations). When Defendants made their proposal to Plaintiffs, however, Plaintiffs did not even attempt to argue that the 13 references were somehow unduly burdensome. Indeed, Plaintiffs rejected Defendants' proposal without offering any meaningful rationale. Given this history, Plaintiffs' strategy in seeking entry of the Model Order may be to impose an undue – and unilateral – burden on Defendants.

**C.      Defendants' Compromise Position is Necessitated by the Need for Additional Flexibility**

The Model Order Contemplates deviating from its limits in certain circumstances. *See* Footnote 1. In this case, Defendants' minor proposed deviation is warranted for two reasons. First, additional flexibility is needed to address dependent Claim 19. Second, additional flexibility is warranted to make sure that each of the seven remaining Defendants can present its desired references, particularly in the event of settlements.

Seven Defendants remain in this case, each with its own viewpoints on the relative strengths of the references contained in Defendants' Invalidity Contentions. Defendants should be afforded additional flexibility to ensure each remaining Defendant is able to move forward with its desired references. This is particularly important given the strong possibility of settlements, which have the potential to leave certain Defendants without the ability to use their preferred references if other Defendants settle out.[1]

---

[1] Three defendants have already settled out to date.

## IV. CONCLUSION

The only plausible explanation for Plaintiffs' refusal to agree to even a modest adjustment of the Model Order, considering the particular facts of this case, is to gain an unfair advantage over Defendants. Defendants have fully addressed Plaintiffs' claims of burden by agreeing to stipulate to almost all of the limitations of the Order. Plaintiffs will suffer no harm from Defendants' requested four additional references, and the additional references are justified by the need to address dependent Claim 19 and to make sure that each Defendant can assert its preferred references. As such, Defendants respectfully request that the Court either deny Plaintiffs' motion or enter the Model Order with Defendants' proposed modification.

DATED: March 20, 2014.                              Respectfully submitted,

                                                    */s/ Seth B. Herring*
                                                    John P. Bovich, admitted *Pro Hac Vice*
                                                    (Cal. SBN 150688)
                                                    Jonah D. Mitchell, admitted *Pro Hac Vice*
                                                    (Cal. SBN 203511)
                                                    Seth B. Herring, admitted *Pro Hac Vice*
                                                    (Cal. SBN 253907)
                                                    **REED SMITH LLP**
                                                    101 Second Street, Suite 1800
                                                    San Francisco, CA 94105-3659
                                                    Telephone:   +1 415 543 8700
                                                    Facsimile:   +1 415 391 8269
                                                    Email:  jbovich@reedsmith.com
                                                    Email:  jmitchell@reedsmith.com
                                                    Email:  sherring@reedsmith.com

                                                    Trey Yarbrough (Bar No. 22133500)
                                                    **YARBROUGH & WILCOX, PLLC**
                                                    100 E. Ferguson, Ste. 1015
                                                    Tyler, Texas 75702
                                                    Telephone:   +1 903 595 3111
                                                    Facsimile:   +1 903 595 0191
                                                    Email:  trey@yw-lawfirm.com

                                                    Counsel for Defendants
                                                    **NETGEAR, INC. and BELKIN INTERNATIONAL, INC.,**

                                                    and on behalf of **RUCKUS WIRELESS, INC., and ASUS COMPUTER INTERNATIONAL**

By: */s/ Victoria Hao*
Duncan Palmatier (*Pro Hac Vice*)-Lead Counsel
Christine Yang (*Pro Hac Vice*)
Victoria Hao (*Pro Hac Vice*)
Martha Hokpins (*Pro Hac Vice*)
Law Offices of S.J. Christine Yang
17220 Newhope Street, Suite 101-102
Fountain Valley, CA 92708
Telephone: (714) 641-4022
Facsimile: (714) 641-2082
Email: cyang@sjclawpc.com
Email: dpalm@dpalmlaw.com
Email: vhao@sjclawpc.com

Trey Yarbrough
100 E. Ferguson, Ste. 1015
Tyler, Texas 75702
Telephone: (903) 595-3111
Facsimile: (903) 595-0191
trey@yw-lawfirm.com

Counsel for Defendant **D-LINK SYSTEMS, INC.**

/s/ *Charles C. Koole*
Adrian M. Pruetz
apruetz@glaserweil.com
Charles C. Koole
ckoole@glaserweil.com
Glaser Weil Fink Jacobs
Howard Avchen & Shapiro LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Phone: (310) 282-6250
Fax: (310) 785-3550

Enoch H. Liang
enoch.liang@ltlw.com
Steven R. Hansen
steven.hansen@ltlw.com
Heather F. Auyang
heather.auyang@ltlw.com
Lee Tran & Liang LLP
601 S. Figueroa Street, Suite 4025
Los Angeles, CA 90017
Phone: 213-612-3737
Fax: 213-612-3773

Attorneys for Defendant **VIZIO, INC.**

/s/ *Heather F. Auyang*
Enoch H. Liang
enoch.liang@ltlattorneys.com
Heather F. Auyang

heather.auyang@ltlattorneys.com  
Lee Tran & Liang LLP  
601 S. Figueroa Street, Suite 3900  
Los Angeles, CA 90017  
Phone: 213-612-3737  
Fax: 213-612-3773  

Attorneys for Defendant  
**TP-LINK USA Corporation**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO ADOPT MODEL ORDER via electronic mail on March 20, 2014. Any other counsel of record will be served by First Class U.S. mail on this same date.

DATED: March 20, 2014.  */s/ Seth B. Herring*
Seth B. Herring