# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY § § §<br>*Plaintiffs,* § §<br>v. § §<br>APPLE INC., ET AL. § § §<br>*Defendants.* § | | CASE NO. 2:13-cv-00361-WCB |

## MEMORANDUM OPINION AND ORDER

Before the Court is the defendants' Motion to Stay Litigation Pending <u>Inter Partes</u> Review (Dkt. No. 92). The Court DENIES the motion without prejudice to the defendants' right to refile the motion if and when the Patent Trial and Appeal Board ("PTAB") grants the petition for inter partes review filed by defendant Netgear, Inc.[1] Vizio, Inc., the other defendant who is still a party to this case, is not a party to Netgear's petition for inter partes review.

The question whether to stay proceedings pending inter partes review of a patent is a matter committed to the district court's discretion. <u>See</u> <u>Ethicon, Inc. v. Quigg</u>, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (request for stay pending inter partes reexamination). The most important—indeed, the dispositive—factor bearing on the Court's exercise of its discretion in this case is that the PTAB has not yet acted on Netgear's petition for inter partes review. In a recent decision on the closely related question whether a stay should be granted pending

---

[1] The petition was filed by defendants Netgear and Belkin International, Inc. The action against Belkin has since been dismissed, so in this Order the Court will refer only to the remaining defendants, Netgear and Vizio, Inc.

"covered business methods" ("CBM") review, the Federal Circuit directly addressed the question whether a district court could deny a stay request when the PTAB had not yet ruled on the petition for review. The Federal Circuit said that it would not be error for the district court in that setting either to deny the motion for a stay or to postpone ruling on the motion until the PTAB has acted on the petition. The court wrote:

> We hold that the timing factor heavily favors a stay. We note at the outset that it was not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion. Indeed, while some district courts ruled on motions to stay before the PTAB granted the petition for post-grant review, see, e.g., Intertainer, Inc. v. Hulu, LLC, No. 13-cv-5499, 2014 WL 466034, at *1 (C.D. Cal. Jan. 24, 2014), others have waited until post-grant review was instituted, and still others denied as premature the motion to stay without prejudice to refiling after institution of post-grant review, see, e.g., Checkfree Corp. v. Metavante Corp., No. 12-cv-15, 2014 WL 466023, at *1 (M.D. Fla. Jan. 17, 2014). We express no opinion on which is the better practice. While a motion to stay could be granted even before the PTAB rules on a post-grant review petition, no doubt the case for a stay is stronger after post-grant review has been instituted.

Virtual Agility, Inc. v. Salesforce.com, Inc., 2014 WL 3360806, at *7 (Fed. Cir. July 8, 2014).

Since the enactment of the America Invents Act ("AIA"), district courts have encountered a flood of stay requests pending either CBM review or inter partes review. Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review. See, e.g., DTP Innovations, LLC v. V.G. Reed & Sons, Inc., No. 3:14-cv-364 (W.D. Ky. July 17, 2014); Smartflash LLC v. Apple Inc., 6:13-cv-447, Dkt. No. 175, at 5-7 (E.D. Tex. July 8, 2014); Segin Sys., Inc. v. Stewart Title Guar. Co., 2014 WL 1315968, at *3-4 (E.D. Va. Mar. 31, 2014); Rensselaer Polytechnic v. Apple Inc.,

2014 WL 201965, at *5 (N.D.N.Y. Jan. 15, 2014); Ultratec, Inc. v. Sorenson Commc'ns, Inc., 2013 WL 6044407, at *3 (W.D. Wis. Nov. 14, 2013); Dane Tech., Inc. v. Gatekeeper Sys., Inc., 2013 WL 4483355, at *2 (D. Minn. Aug. 20, 2013); Benefit Funding Sys. LLC v. Advance Am., Cash Advance Ctrs., Inc., 2013 WL 3296230, at *2 (D. Del. June 28, 2013); Automatic Mfg. Sys, Inc. v. Pimera Tech., Inc., 2013 WL 1969247, at *3 (M.D. Fla. May 13, 2013); Tric Tools, Inc. v. TT techs., Inc., 2012 WL 5289409, at *3 (N.D. Cal. Oct. 25, 2012); Horton, Inc. v. Kit Masters, Inc., 2009 WL 1606472, at *1 (D. Minn. June 5, 2009); Return Mail, Inc. v. United States, No. 1:11-cv-130 (Fed. Cl. July 18, 2014). The Court believes that is the proper course to follow in this case.

District courts typically consider several factors in determining whether to exercise their discretion to grant a stay pending PTAB review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether discovery is complete and a trial date has been set, and (3) whether the stay will simplify issues in question in the litigation. See Market-Alerts Pty. Ltd. v. Bloomberg Fin. L.P., 922 F. Supp. 2d 486, 489 (D. Del. Feb. 5, 2013); Soverain Software LLC v. Amazon, Inc., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). The plaintiffs argue that the delay inherent in granting a stay would prejudice them, principally because they claim that defendant Vizio has discontinued selling the accused product or any other type of wireless router. Plaintiffs therefore assert that with the passage of time evidence is likely to be lost, especially evidence that may be in the possession of the third party who worked with Vizio in the development and manufacture of the accused products. While the risk of loss of evidence is somewhat speculative, that factor cuts at least slightly against granting a stay.

3

As to the state of proceedings in the litigation, by the time the briefing of the stay motion had been completed, the parties had conducted substantial discovery and briefing on claim construction was underway. Trial is set for April 2015. Thus, much of the expense of discovery and preparation for claim construction has already been incurred. Yet the PTAB is likely to decide whether to grant the petition long before the time that intensive pretrial preparation will begin. Accordingly, the question whether discovery has been completed and a trial date set cuts slightly against granting a stay at this time.

Finally, the question whether the stay will lead to simplification of the issues before the Court depends very much on whether the PTAB decides to grant the petition. If the petition is denied, the stay would contribute not at all to simplifying the issues before the Court. The defendants urge the Court to disregard the fact that the PTAB has not yet acted on the petition, based on the high grant rate for petitions for PTAB review following the enactment of the AIA. Those statistics, however, are based on a relatively small sample; in the Court's view, it would be speculative to extrapolate from those initial numbers, expecting that the percentage of granted petitions would remain the same in the future. Indeed, even the defendants' statistics show a significant fall-off in the percentage of granted petitions between fiscal year 2013 and fiscal year 2014. That factor does not constitute a persuasive reason for the Court to grant a stay before the PTAB has acted on the petition. Accordingly, the "simplification" issue does not cut in favor of granting a stay prior to the time the PTAB decides whether to grant the petition for inter partes review.

There are no other factors special to this case that would counsel in favor of granting a stay at present. To the contrary, there is at least one other factor cutting against granting a stay,

even apart from the fact that the PTAB has not yet acted on the petition for inter partes review. Netgear waited for a year after the complaint was filed before filing its petition for inter partes review. Even after the defendants filed their invalidity contentions in this case, relying on many of the same prior art references that Netgear has asserted in its petition, Netgear still delayed for an additional six months before filing the petition. Moreover, even after filing its petition for inter partes review, Netgear and Vizio waited another month before seeking a stay from this Court. The pattern of delay on Netgear's part cuts against granting a stay. See Rensselaer Polytechnic Inst. v. Apple Inc., 2014 WL 201965, at * 5 (N.D.N.Y. Jan. 15, 2014); Dane Tech., Inc. v. Gatekeeper Sys., Inc., 2013 WL 4483355, at *2; Universal Elecs., Inc. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013); Affinity Labs of Tex. v. Apple Inc., 2010 WL 1753206, at *2 (N.D. Cal. Apr. 29, 2010); see Polaris Indus., Inc. v. BRP U.S., Inc., 2012 WL 5331227, at *2 (D. Minn. Oct. 29, 2012) (defendant's filing of motion for stay promptly after filing of complaint favors granting a stay).

In sum, the Court has determined that at present, a stay of proceedings pending the PTAB's decision whether to grant the petition for inter partes review should not be granted. The largest consideration bearing on that determination is that the PTAB has not yet decided whether to grant the petition. When that decision is made, the balance of factors bearing on the appropriateness of a stay may be very different.

While the Court could simply postpone ruling on the defendants' stay motion until the PTAB acts, the Court regards the better practice as acting on the motion in order to inform the parties of the basis for the Court's action. Accordingly, the Court DENIES the motion for a stay

pending inter partes reexamination, without prejudice to the defendants' right to renew the motion if and when the PTAB acts on the petition for reexamination.

IT IS SO ORDERED

SIGNED this 22nd day of July, 2014

_William C. Bryson_
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE