# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY | § § § § | |
| *Plaintiffs*, | § | |
| v. | § | CASE NO. 2:13-cv-00361-WCB |
| APPLE INC., ET AL. | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the defendants' Opposed Motion to Strike the Declaration of Dr. Alon Konchitsky (Dkt. No. 107). The Court DENIES the motion.

Together with their Opening Claim Construction Brief, the plaintiffs submitted the Expert Declaration of Alon Konchitsky Regarding Claim Construction for U.S. Patent No. 7,110,744 (Dkt. No. 99-10). In the course of that declaration, Dr. Konchitsky addressed the defendants' contention that one of the limitations in claim 18 of the patent—"the multiple channel wireless transceiver simultaneously communicating with at least two wireless devices with different types of lower power communication signals"—is fatally indefinite and renders the claim invalid.

In the course of addressing the indefiniteness issue, Dr. Konchitsky stated: "I understand that a patent claim is not indefinite if a person of ordinary skill in the art would understand the scope of the claim." Dkt. No. 99-10, at ¶ 20. The defendants argue that Dr. Konchitsky's understanding of the law of indefiniteness is inaccurate in light of the Supreme Court's recent decision in Nautilus, Inc. v. Biosig Instruments, Inc., 134 S. Ct. 2120 (2014). The defendants

1

note that in the Nautilus case the Supreme Court rejected the Federal Circuit's prior test for indefiniteness and adopted a test requiring "that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." Id. at 2129. The defendants argue that Dr. Konchitsky failed to apply that standard in his indefiniteness analysis and that his opinion therefore fails to satisfy the requirements of Rule 702 of the Federal Rules of Evidence. For that reason, they move to strike his declaration.

The distinction that the defendants draw between the Supreme Court's standard and the standard articulated in Dr. Konchitsky's declaration is a narrow one. Dr. Konchitsky understood that a claim is not indefinite "if a person of ordinary skill in the art would understand the scope of the claim." The Supreme Court held that a claim is not indefinite if the claim would "inform those skilled in the art about the scope of the invention with reasonable certainty." This Court does not regard the difference between those two standards as being significant. To say that a person of ordinary skill would understand the scope of the claim implies that the claim would inform such a person of the scope of the claim with reasonable certainty. The Court therefore sees no reason to strike Dr. Konchitsky's declaration based on the supposed difference between the standard he employed and the standard that was later adopted by the Supreme Court.

The defendants argue that Dr. Konchitsky's declaration reflects his understanding of various claim terms, not the understanding that a person of ordinary skill in the art would have, and that his opinion that certain claim terms are not indefinite is therefore based on the wrong standard. His declaration, however, is to the contrary. In their claim construction brief (Dkt. No. 105), the defendants argued that several related terms are indefinite. In particular, they focused

on the terms "multiple channel," "different types of . . . communication signals," and "low power." With respect to "multiple channel wireless transceiver," Dr. Konchitsky responded that "[o]ne of ordinary skill in the art" would understand the meaning of that term. Dkt. No. 99-10, at 5-6. With respect to "different types of low power communication signals," he stated that the "ranges of frequencies that are used to transmit wireless communications . . . would have been commonly known to those of ordinary skill in the art at the time of the '744 invention," and that the descriptions in the specification "provide guidance to those of ordinary skill in the art regarding what constitutes 'different types of low power communication signals.'" Id. at 6. Based on his analysis, he concluded that "[o]ne of ordinary skill in the art reading the '744 patent would . . . understand from reading the '744 specification and claims that 'different types of low power communication signals' means 'different types of communication signals having a power for transmission up to a maximum of several hundred feet.' One of ordinary skill in the art would also be able to understand what communication signals fall within the scope of 'different types of low power communication signals' and what communication signals do not." Id. at 8. The defendants may disagree with Dr. Konchitsky's conclusions regarding what a person of ordinary skill would understand regarding that claim language in the patent, but his declaration consistently refers to the understanding of a person of ordinary skill in the art, not simply his own personal conclusions about the meaning of the terms.

Finally, the defendants challenge Dr. Konchitsky's declaration on various other grounds, such as that he does not provide sufficient guidance as to the meaning of "several hundred feet," that he does not address the distinction in the claim language between "channels" and "types" of communication signals, and that in reaching his conclusions he ignores certain portions of the

3

intrinsic evidence. Those contentions, however, go to the merits of the defendants' claim construction and indefiniteness arguments. They do not persuade the Court that Dr. Konchitsky's testimony will not "help the trier of fact to understand the evidenced or to determine a fact in issue." Fed. R. Evid. 702. They therefore do not constitute reasons to strike Dr. Konchitsky's declaration. The motion to strike is DENIED.

IT IS SO ORDERED

SIGNED this 29th day of July, 2014

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE