IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CHARLES C. FREENY III, BRYAN E. FREENY, and JAMES P. FREENY, | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § § | CASE NO. 2:13-CV-00361-WCB |
| APPLE INC., | § § § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Plaintiffs' Motion to Dismiss Vizio, Inc. Without Prejudice (Dkt. No. 120). The Court DENIES the motion.

Defendant Vizio, Inc., opposes the motion to dismiss on the ground that it proposes that the dismissal be without prejudice. In Vizio's view, any dismissal should be conditioned on the dismissal being with prejudice or upon the plaintiffs' payment of Vizio's fees and expenses in this litigation.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that after the defendant has filed an answer or a summary judgment motion, a plaintiff may dismiss an action only "by court order, on terms that the court considers proper." The question whether to permit dismissal and under what terms is subject to the discretion of the district court. See Elbaor v. Tripath

1

Imaging, Inc., 279 F.3d 314, 318 (5th Cir. 2002); Manshack v. Sw. Electric Power Co., 915 F.2d 172, 174 (5th Cir. 1990).

Courts, including the Fifth Circuit, have generally taken the position that the plaintiff's request to dismiss an action without prejudice "should be allowed unless the defendant will suffer some plain legal prejudice other than the mere presence of a second lawsuit." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2364, at 475-76 (2008); see Manshack, 915 F.2d at 174. The Fifth Circuit has recognized that such prejudice occurs, inter alia, "when a party proposes to dismiss the case at a late stage of pretrial proceedings." In re FEMA Trailer Formaldahyde Prods. Liability Litig., 628 F.3d 157, 162 (5th Cir. 2010). In such a case, "[w]here the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal." Hartford Accident & Indemnity Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360 (5th Cir. 1990) (citing cases); see also United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 330 (5th Cir. 2003); Davis v. Huskipower Outdoor Equip. Corp., 936 F.2d 193, 199 (5th Cir. 1991).

In cases involving late-stage voluntary dismissals, the Fifth Circuit has repeatedly held that the district court did not abuse its discretion in denying leave to dismiss without prejudice in various situations roughly comparable to the situation in this case. In Dow Chemical, for example, the case had been pending for nine months when the plaintiff sought to dismiss without prejudice. Both sides, the court noted, "had filed responsive pleadings in addition to motions to compel" and other motions in the case. 343 F.3d at 330. In Davis, the court upheld the district court's denial of a voluntary dismissal when the case had been pending before the district court

for more than a year, and the parties had filed pleadings, attended conferences, and submitted memoranda. 936 F.2d at 199. In Hartford Accident & Indemnity, the court again upheld the district court refusal to grant the plaintiff's motion to dismiss without prejudice, where the plaintiff moved to dismiss the action nearly ten months after the case had been pending in the district court, and where hearings had been held on various issues and significant discovery had been conducted. 903 F.2d at 361. And in the three cases cited by the court in Hartford Accident & Indemnity, the appellate courts held that dismissal without prejudice was inappropriate where the cases had been pending for between a year and a year and a half when the motion to dismiss was made. Id. at 360-61. Indeed, in one of the cases, the appellate court held that the district court abused its discretion by granting the plaintiff's motion to dismiss without prejudice where the action had been pending for 18 months and extensive litigation had been conducted. Id. at 361, citing Williams v. Ford Motor Credit Co., 627 F.2d 158, 159-60 (8th Cir. 1980).

  The instant case is comparable to those. It has been pending for approximately a year and a half, and substantial pretrial proceedings have taken place, including discovery, the briefing and argument of disputes over discovery, and the briefing and preparation for a hearing on claim construction. While this case was not on the verge of trial at the time the plaintiffs filed their motion to dismiss, neither was it at the early stages of pretrial proceedings. Vizio contends that it has expended significant resources in defending this case to date, and based on the Court's observations, the Court has no reason to doubt that representation. In light of the caselaw characterizing voluntary dismissals as prejudicial to the defendant when they occur after the defendant has invested significant time and effort in the case, the Court concludes that it would be prejudicial to Vizio to grant the plaintiffs' motion to dismiss without prejudice.

Significantly, the plaintiffs have not offered any explanation of why they wish the dismissal to be without prejudice. They offer no reason to believe that there is any likelihood that they will refile this action at some time in the future; all parties seem to agree that Vizio no longer sells the product that was the subject of this lawsuit, and the plaintiffs have acknowledged that the number of sales Vizio made was not sufficient to justify the expense of continuing to pursue this action.

The absence of a satisfactory explanation for why a dismissal should be without prejudice has been identified in numerous cases as an important factor bearing on the court's decision whether to grant a motion to dismiss. See, e.g., Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996); Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987); Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969); see generally Federal Practice & Procedure § 2364, at 505-12 (collecting additional cases). In accordance with those cited authorities, the Court considers that factor to weigh against granting the plaintiffs' motion to dismiss the action without prejudice.

Although the plaintiffs claim that Vizio has insisted on a royalty-free license to the patent in suit as a condition of settlement, that assertion is irrelevant to the question whether the dismissal should be with prejudice. A with-prejudice dismissal would not have the same effect as a royalty-free license, since even if there should ultimately be a with-prejudice dismissal of this action, that dismissal order would not prevent the plaintiffs from bringing a new suit against any future infringing sales or activities by Vizio. An action based on post-judgment activity, would not be barred by the res judicata effect of a with-prejudice dismissal in this case.

Accordingly, the Court agrees with Vizio that a without-prejudice dismissal would be unfair to Vizio, at least absent a proviso under which the plaintiffs would agree to pay Vizio's attorney fees and expenses in this action. No such offer has been forthcoming from the plaintiffs. The Court therefore DENIES the plaintiffs' motion to dismiss the action without prejudice.

It is so ORDERED.

SIGNED this 1st day of October, 2014.

_____
WILLIAM C. BRYSON
UNITED STATES CIRCUIT JUDGE